NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADAM ELI STAUFFER,**

*Plaintiff-Appellant*

**v.**

**COUNTY OF MONROE, COUNTY OF WAYNE, THE STATE OF NEW YORK, LORI-ANN FORDHAM-SPERANZA, TOM SPERANZA,**

*Defendants-Appellees*

---

2026-1203

---

Appeal from the United States District Court for the Western District of New York in No. 6:25-cv-06036-MAV, Judge Meredith A. Vacca.

---

PER CURIAM.

## O R D E R

In this civil rights case, the United States District Court for the Western District of New York transmitted to this court Adam Eli Stauffer's submission entitled "Judicial Notice of Appeal Transfer."  In response to this court's show cause order, Mr. Stauffer files a document titled "sacred judicial notice of jurisdictional perfection."  ECF No. 4.  Appellees have not responded.

Unlike the regional circuit courts, this court's jurisdiction is limited by subject matter. As relevant here, we generally have jurisdiction only over appeals from district court decisions in cases involving the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); and cases involving certain damages claims against the United States not exceeding $10,000 in amount, *id.* §§ 1295(a)(2), 1346(a)(2). Mr. Stauffer's case clearly falls outside of that review authority.

While 28 U.S.C. § 1631 authorizes this court to transfer an appeal to another court where it could have been brought, Mr. Stauffer has not shown that transfer to the United States Court of Appeals for the Second Circuit would be in the interest of justice. It does not appear that the district court has entered final judgment in the case. And the "Judicial Notice of Appeal Transfer" does not identify any specific district court decision or order from which he is seeking review, let alone one that could conceivably be presently reviewed in any court of appeals. *See* 28 U.S.C. § 1291; 1292; Fed. R. Civ. P. 54(b).

Accordingly,

IT IS ORDERED THAT:

(1) The matter is dismissed.

(2) Each side to bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 13, 2026
Date